IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-188-1D(1)

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| ALI DHAHER AL-DARAJY | : |

**POST-INDICTMENT RESTRAINING ORDER**

The United States has made an application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A) (as also incorporated by 18 U.S.C. § 982(b)(1)), for a restraining order to preserve the availability of certain real property that is subject to forfeiture in the above-styled criminal actions. Upon consideration of the Government's application, the Indictment of ALI DHAHER AL-DARAJY, and the Declaration of Special Agent Anthony Ventre, it appears to the Court that there is reasonable cause to enter a restraining order to preserve the subject real property or proceeds from the sale thereof based upon the following:

1. That a federal grand jury of this district has returned an Indictment against ALI DHAHER AL-DARAJY for SNAP fraud, a violation of 7 U.S.C. § 2024(b), and money laundering, a violation of 18 U.S.C. § 1957.

Furthermore, said Indictment alleges criminal forfeiture under 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c),

18 U.S.C. § 982(a)(2), and 7 U.S.C. § 2024(f), of certain real property in which the defendants hold an interest, to-wit:

(a) 4112 Green Road, Raleigh, North Carolina, legally described in Book 07470, page 0874 of the Wake County Registry;

(b) 3801 Western Boulevard, Raleigh, North Carolina legally described in Book 13981, page 1030 of the Wake County Registry;

(c) 1006 Carlton Avenue, Raleigh, North Carolina, legally described in Book 15189, page 2069 of the Wake County Registry;

(d) Proceeds from the consensual sale of 7002A Longstreet Drive Raleigh, North Carolina legally described in Book 15625, page 1487 of the Wake County Registry; and

(e) Proceeds from the consensual sale of 7044A Longstreet Drive, Raleigh, North Carolina, legally described in Book 15615, page 0454 of the Wake County Registry.

2. That the federal grand jury's indictment of ALI DHAHER AL-DARAJY, together with the facts contained in the Declaration of Special Agent Anthony Ventre, which specifically identified the above-referenced property as being subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2), and 7 U.S.C. § 2024(f), establishes sufficient probable cause for the issuance of this restraining order.

3. That in the event ALI DHAHER AL-DARAJY is convicted of the charges alleged in said Indictment, the subject property would be subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), as made

2

applicable by 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2), and 7 U.S.C. § 2024(f).

4. That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

5. That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of 21 U.S.C. § 853(n).

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, ALI DHAHER AL-DARAJY, as well his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from selling or otherwise disposing of the real property, encumbering the unsold real property in any way, or allowing the real property to fall into disrepair or be devalued by neglect or failure to take proper care of it.

IT IS FURTHER ORDERED that to facilitate compliance with this Order, the United States may file and maintain lis pendens on the unsold real property in accordance with state law.

IT IS FURTHER ORDERED that the United States or any subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that any subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that the Secretary of Treasury or the Attorney General or their designee shall promptly serve a copy of this Restraining Order upon ALI DHAHER AL-DARAJY and his counsel, and any other person in possession of or occupying the restrained property, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the 17 day of November, 2015.

JAMES C. DEVER, III
Chief United States District Judge

4